## ANTHONY DOMBROSKI *vs.* THE ACTIVE AUTOMOBILE EXCHANGE, INC., ET AL.

Third Judicial District, Bridgeport, October Term, 1925.
WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

Argued October 30th—decided December 23d, 1925.

ACTION to recover damages for alleged fraudulent representations, brought to the Superior Court in New Haven County and tried to the jury before *Nickerson, J.;* verdict and judgment for the plaintiff for $4,353, and appeal by the defendants. *Error and new trial ordered.*

*Walter E. Monagan,* for the appellants (defendants).

*Charles S. Hamilton* and *Morris M. Wilder,* for the appellee (plaintiff).

PER CURIAM. The action is brought to recover damages for loss incurred by the plaintiff in the purchase of a garage business from the defendant company through the fraudulent representations of the defendants made to plaintiff, for the purpose of inducing him to make the purchase. The appeal involves a single point, that the trial court failed to set forth a rule or rules by which the jury could properly measure the damages in the event that they found the issues for the plaintiff. The court instructed the jury that "damages should be such as will fairly compensate the plaintiff for the loss he has suffered by reason of the acts and representations alleged in the complaint which you may find were made by the defendant." This was a correct statement of the principle underlying every recovery of damages in a tort action, but it does not furnish the jury with any legal method for determining the fair

compensation for the loss; it does not state the legal measure of damages which must guide the jury in ascertaining the fair compensation for the loss suffered. The jury should have been instructed that if they found the fraud proven as claimed by the plaintiff, the measure of the damages would be the difference between the actual value of the business at the time of the sale to the plaintiff and what it would have been worth had it been as represented. This would have given the jury the legal method of determining what the fair compensation for the loss suffered was, instead of leaving this determination to their uncontrolled judgment. The rule we adopt in ascertaining the measure of damages in cases of sales induced by deceit or fraud differs from that adopted by the Supreme Court of the United States, which limits the recovery to the difference between the value of the thing purchased and the price paid; *Sigafus* v. *Porter,* 179 U. S. 116, 21 Sup. Ct. 34; while our rule gives to him who is defrauded the benefit of his bargain. *Gustafson* v. *Rustemeyer,* 70 Conn. 125, 39 Atl. 104; *Murray* v. *Jennings,* 42 Conn. 9; *Dwyer* v. *Redmond,* 100 Conn. 393, 124 Atl. 7.

There is error and a new trial is ordered.