GEORGE MILES *vs.* LAWRENCE SHERMAN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 6th—decided May 16th, 1933.

*Samuel Campner*, with whom, on the brief, was *Daniel Pouzzner*, for the appellant (defendant).

*Samuel Reich*, with whom was *Philip Reich*, for the appellee (plaintiff).

AVERY, J. On October 18th, 1931, at about twelve-thirty-five a. m., the plaintiff, while crossing the Boston Post Road near the Seven Gables Inn in Milford, was struck and injured by an automobile operated by the defendant. From the verdict of the jury in favor of the plaintiff, the defendant has appealed.

The plaintiff claimed to have proved these facts: At the place of the accident, the Boston Post Road carries a heavy traffic and is almost never entirely free from automobiles. It consists of four parallel

lanes of concrete, each ten feet in width and running generally east and west. On each side is a hard oiled shoulder about four and one-half feet wide. The plaintiff attempted to cross from the south to the north side; and, when he had reached a point on the south edge of the concrete, he looked in both directions and saw an automobile approaching from his right, approximately three hundred and fifty feet distant. At the same time, he saw the defendant's automobile, which was proceeding easterly, approaching from his left. It was then at a greater distance than the car coming from the right. The night was clear and the road was dry. After the plaintiff had crossed the line between the first and second lanes of concrete, and was nearing the center of the road, he saw defendant's car still quite a distance away. When he had reached the center of the road and had completely crossed the path of defendant's car, he stopped for a moment to permit the automobile which had been approaching from his right to pass; and, while standing in this position, and immediately after the automobile approaching from his right had passed, he was struck by the defendant's car, and injured. Its speed, at the time of the accident, was at least thirty-eight miles an hour.

The defendant, on the other hand, claimed to have proved that the plaintiff, who was wearing a dark suit and a dark gray overcoat, without any warning came out of the darkness and ran into the highway directly in the path of the automobile; that the defendant veered to the left but the plaintiff continued running into the side of the automobile and was struck by the windshield on the right-hand side; that because of the darkness and the inconspicuous clothing worn by the plaintiff, it was impossible for the defendant to see him sooner; and that the defendant had no reason to

anticipate that anyone would cross the highway at that hour of the night, and did everything possible to avoid the accident.

In the course of its instructions to the jury, the court, after remarking that the defendant, in operating his car, had the right to assume that if a pedestrian was crossing the street he would do so with reasonable care in view of traffic conditions, that it was night and one would be less apt to find pedestrians crossing the street at that time than early in the evening, went on to observe: "On the other hand, a driver is required to have lights that light up the road and make a person clearly visible two hundred feet away; and the presumption is that this defendant had, in the absence of any evidence, complied with the law." The court immediately went on to say, by way of comment, that if the plaintiff's story was assumed to be true to the effect that he stood for a second in the middle of a forty-foot road waiting for a car to pass coming from his right, after he had crossed the two eastbound lanes, then the plaintiff might reasonably have assumed that he could be seen and not struck by the defendant's car; and, on the same assumption, it seemed to the court that under the conditions, the defendant was negligent in not seeing the plaintiff and in striking him; that a driver of ordinary prudence would have seen the plaintiff and been able, by the exercise of reasonable care, to avoid striking him.

General Statutes, § 1598 (c), provides that when a vehicle is in motion, its lights shall be such as to throw sufficient light ahead to show any person, vehicle or object upon the roadway straight ahead for a distance of at least two hundred feet. In *Schmeiske* v. *Laubin,* 109 Conn. 206, 209, 145 Atl. 890, we said that the statute must be construed in the light of common knowledge that substantial objects, because of their

composition or coloring, or that of the surface upon which they rest, are visible in greatly varying degrees when artificial light is thrown upon them. They are not necessarily clearly visible. *Baldwin* v. *Norwalk,* 96 Conn. 1, 6, 112 Atl. 660. There is, moreover, no presumption of law that a vehicle is equipped with lights which comply with the statutory requirement. "It would be a credit to human nature if the law could raise a presumption of the performance of all private duty in the same manner as it presumes the performance of official duty, but no such presumption at present exists." *New England Mfg. Co.* v. *Starin,* 60 Conn. 369, 373, 22 Atl. 953. If the condition of the lights is material, it is a fact to be proved, like any other fact in the case, by evidence. The complaint in this case did not charge the defendant with negligence in failing to have proper lights, but in failing to keep a proper lookout and to have his automobile under control. Whether or not the defendant was negligent in failing to maintain a proper lookout was a matter for the jury to determine from the evidence in the case. So far as the condition of the headlights on the automobile is concerned, that also was a matter to be determined by the jury from the evidence bearing upon that subject, and not to be assumed in the absence of evidence from the fact that the law required headlights of a certain sufficiency. An instruction which left the door open for the entrance of a finding by the jury of negligence on the defendant's part, or of due care upon the plaintiff's part, which did not arise out of the evidence in the case, was calculated to do the defendant harm. "It is the duty of the court to submit to the jury no issue foreign to the facts in evidence, or in respect to which no evidence has been offered." *Fine* v. *Connecticut Co.,* 92 Conn. 626, 630,

103 Atl. 901; *Carlson* v. *Connecticut Co.*, 94 Conn. 131, 137, 108 Atl. 531; *Brown Bag Filling Machine Co.* v. *United Smelting & Aluminum Co.*, 93 Conn. 670, 684, 107 Atl. 619.

Among his requests to charge, the defendant asked the court to instruct the jury that it was his claim that the plaintiff had not truthfully stated the amount of his earnings and had also testified falsely as to the date when he discarded the use of a brace upon his broken arm; and that if the jury found that the plaintiff had, in fact, falsified on these subjects, it was within their province to disregard any or all of his testimony. The court did not charge the jury in accordance with this request, but did instruct them to consider the testimony as to the credibility of the plaintiff in view of the fact that he was testifying on his own behalf and was the only witness of the collision; and, further, that they were to pass upon his credibility as to damage as well as to liability. The charge of the court was sufficient upon the question of the plaintiff's credibility. We would not ordinarily predicate error upon the failure to instruct specifically that if the jury found a witness had testified falsely upon one subject, it was within their province to disregard any or all of his testimony in accordance with the maxim, *falsus in uno, falsus in omnibus*. *Kornblau* v. *McDermant*, 90 Conn. 624, 636, 98 Atl. 587. The rule at best is but an application of one of the considerations in everyday use when men are called upon to test the sincerity and honesty of their fellows, and one which the jury would, if they deemed the circumstances warranted it, naturally apply in any event; its statement at most merely calls attention to one circumstance which may, but does not necessarily, determine the credibility of a witness.

As there must be a new trial, it would be unprofitable to discuss the other errors assigned.

There is error and a new trial is ordered.

In this opinion the other judges concurred.