Lewis Mack *v.* Henry Perzanowski

House, C. J., Cotter, Loiselle, Longo and Barber, Js.

Argued November 16, 1976—decision released February 1, 1977

*Herbert Watstein,* for the appellant (defendant).
*John P. McKeon,* for the appellee (plaintiff).

COTTER, J. The plaintiff, Lewis Mack, was injured when he slipped and fell on an icy driveway between a building owned by the defendant, Henry Perzanowski, and one owned by James Clinch in New Britain. The driveway led to a rear parking area and to a six-family building also owned by Perzanowski in which the plaintiff was a tenant. The defendant has taken this appeal from a judgment rendered on a jury verdict in favor of the plaintiff. The defendant claims as error the denial of his motion to set aside the verdict, rulings on evidence and errors in the charge.

One of the plaintiff's allegations in his complaint, crucial to his case as tried, was that the defendant was negligent in that "he allowed the driveway and, more particularly, the spot in the driveway where the Plaintiff was caused to fall to remain in a state of disrepair with large holes and ruts in it." "[I]t was incumbent upon the plaintiff to introduce evidence from which it would have been reasonable for the jury to find that the specific defect had existed for a sufficient length of time for the defendant, in the exercise of reasonable care, to have discovered it in time to have it remedied." *McCrorey*

v. *Heilpern,* 170 Conn. 220, 221, 365 A.2d 1057. Such knowledge and realization of the specific condition causing the injury as alleged cannot be found to exist from a knowledge of the general or overall conditions obtaining on the premises. *Monahan* v. *Montgomery,* 153 Conn. 386, 390, 216 A.2d 824; *Bartholomew* v. *Catania,* 161 Conn. 130, 134–35, 285 A.2d 350. The court charged the jury, inter alia, that: "[I]f you find that the defendant . . . allowed the driveway, and more particularly the spot in the driveway where the plaintiff was caused to fall, to remain in a state of disrepair, with large holes and ruts in it, when reasonable care required him not to do so . . . it constitutes negligence." The defendant excepted to this portion of the charge, on the ground that the plaintiff had introduced no evidence that a hole or rut existed in the driveway at the spot where the plaintiff fell. After a brief discussion of the evidence, the court stated: "All right. I should have charged it out."[1] The court failed to recall the jury to correct its charge.

The defendant was entitled to have the jury correctly and adequately instructed. *Berniere* v.

[1] The defendant's exception, and discussion, occurred as follows:
"Mr. Watstein: Your Honor talked in terms of the complaint stating holes and ruts, and later on in his charge told the jury that if they found or, you know, if he didn't take care of holes and ruts and snow and ice, then there would be responsibility; but there wasn't a shred of evidence of a hole or rut in this case.
The Court: Mr. Johnson said there were holes.
Mr. Watstein: I don't recall his saying—
Mr. McKeon: Clinch, also.
Mr. Watstein: —at this particular location. There are no holes or ruts where this man fell. The case law says specific defect.
The Court: I remember it because Mr. McKeon came right back. He said, what did you say? He said holes.
Mr. Watstein: I'm talking about the specific defect, and Your Honor may recall there wasn't any evidence on that part.
The Court: All right. I should have charged it out."

*Kripps,* 157 Conn. 356, 360, 254 A.2d 496. The test of a proper jury charge is whether " 'it fairly presents the case to the jury, in such a way that injustice was not done under the rules of law to the legal rights of either litigant . . . .' *Pratt, Read & Co.* v. *New York, N.H. & H.R. Co.,* 102 Conn. 735, 740, 130 A. 102." *Borsoi* v. *Sparico,* 141 Conn. 366, 371, 106 A.2d 170. A proper jury charge must be correct in law, adapted to the issues and ample for the guidance of the jury. *D'Addario* v. *American Automobile Ins. Co.,* 142 Conn. 251, 254, 113 A.2d 361. Jury instructions should be confined to matters in issue by virtue of the pleadings and evidence in the case. *Panaroni* v. *Johnson,* 158 Conn. 92, 110, 256 A.2d 246. It is error to submit a specification of negligence to the jury in respect to which no evidence has been offered. *Goggins* v. *Reinzo Trucking Co.,* 166 Conn. 240, 246–47, 348 A.2d 569; *Fleischer* v. *Kregelstein,* 150 Conn. 158, 160–61, 187 A.2d 241; *McDonough* v. *Lenox Theater Co.,* 143 Conn. 646, 124 A.2d 520.

The plaintiff points to numerous references to holes, potholes or ruts in the defendant's driveway in the evidence. The plaintiff argues that although "it can be readily established" that the court "may have been justifiably confused" in recalling the evidence relating to holes and ruts in the driveway, its instruction that the jury's recollection of the evidence governed and not that of the court impliedly would not create error. We cannot agree. Despite the numerous references to holes, potholes or ruts in the evidence, the court correctly stated it "should have charged . . . out" the question of holes and ruts at the particular location where the plaintiff fell. Its submission to the jury of a specification of negligence "stressed in the complaint but unwar-

ranted by the [evidence] cannot be regarded as harmless error. [Citations omitted.]" *Cackowski* v. *Jack A. Halprin, Inc.,* 132 Conn. 67, 72, 42 A.2d 838. The confusion was most likely due to the substantial and conflicting evidence which was introduced by all of the parties to this action relating to the issue of who had "control" of the driveway where the injury was sustained. Such evidence included testimony as to the filling of potholes with stones at various locations in the driveway and during seasonal times in the year such as during the summer.

The defendant also took exception to the court's use of the term "and/or" in its charge concerning the allegation of the plaintiff's contributory negligence consisting of five specifications.[2] The defendant claims that the charge as given failed to inform the jury clearly that they should return a defendant's verdict if they found that any one of the acts alleged might constitute the ground upon which the plaintiff may be claimed to have been contributorily negligent, *Hanken* v. *Buckley Bros., Inc.,* 159 Conn. 438, 440, 270 A.2d 556, even though the court at a later point correctly charged on the issue of contributory negligence.

The term "and/or" is defined as "either *and* or *or.*" Webster's New International Dictionary

---

[2] The court charged as follows: "Now, if you find that the plaintiff failed to maintain and keep a reasonable and proper lookout and/or failed to make reasonable and proper uses of his senses and his faculties and/or failed to take the necessary and proper precautions to observe the conditions then and there existing and/or failed to be watchful of his surroundings and/or failed to use reasonable care for his own safety commensurate with the existing circumstances and conditions, it is negligence, and if this negligence substantially, materially and directly contributed to his fall, it constitutes contributory negligence."

(2d Ed.). "It has been characterized as an equivocal connective, being neither positively conjunctive nor positively disjunctive." *Holmes* v. *Gross,* 250 Iowa 238, 250, 93 N.W.2d 714. The use of the term in legal writing has been heavily criticized, see generally, annot., 118 A.L.R. 1367; annot., 154 A.L.R. 866; 3 Words and Phrases "And/or"; most severely in *Employers' Mutual Liability Ins. Co.* v. *Tollefsen,* 219 Wis. 434, 263 N.W. 376. A number of courts have recognized that its use is confusing in jury instructions. *Holmes* v. *Gross,* supra; *Snow* v. *Allen,* 227 Ala. 615, 620, 151 So. 468; *State* v. *Smith,* 51 N.M. 328, 331, 184 P.2d 301; *Preble* v. *Architectural Iron Workers' Union, Local No. 63,* 260 Ill. App. 435, 442. Since there is to be a retrial of this action, we need not decide whether, under the circumstances, this aspect of the charge was reversible error. It is sufficient to note the potential for confusion inherent in using "and/or" in jury instructions as was done here, so that the jury is left uncertain whether they must find all or only one of a series of specifications of contributory negligence to exist in order to preclude a plaintiff's verdict.

It is unnecessary to discuss the defendant's remaining claims of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.