TIMOTHY FAULKNER *v.* DARYL REID

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued November 8—decision released November 28, 1978

*Henry W. O'Brien,* for the appellant (defendant).

*Stephen I. Traub,* for the appellee (plaintiff).

PER CURIAM. Although the parties agree that contributory negligence was not affirmatively alleged by the defendant as a special defense in the pleadings submitted to the jury, the trial judge, never-

theless, instructed the jury at length in the course of its original and supplemental charge on that issue. The plaintiff was entitled to have the jury correctly, fairly and adequately instructed in accordance with the matters and law in issue by virtue of the pleadings and the evidence in the case. The trial court was in error in submitting to the jury the issue of the contributory negligence of the plaintiff since not only had no evidential foundation been established for such instructions, but the pleadings failed to allege a special defense of contributory negligence. *Mack* v. *Perzanowski,* 172 Conn. 310, 312–13, 374 A.2d 236; *Panaroni* v. *Johnson,* 158 Conn. 92, 110, 256 A.2d 246; cf. *Zegarski* v. *Horton,* 150 Conn. 212, 219, 187 A.2d 750.

A jury can only be confused and misled by interjecting into their deliberations a doctrine inapplicable to the evidence as a matter of law. *Angelino* v. *Hersey,* 147 Conn. 638, 640–41, 165 A.2d 152.

The action of the trial court in setting aside the verdict and ordering a new trial must be sustained.

There is no error.