ALBERT NESBITT v. MILDRED E. MULLIGAN, ADMINISTRATRIX (ESTATE OF GEORGE C. MULLIGAN), ET AL.
(5007)

SPALLONE, DALY and BIELUCH, Js.

Argued February 5—decision released June 23, 1987

*Eugene A. Cooney,* for the appellants (named defendant et al.).

*Paul J. McQuillan,* with whom was *John C. Matulis,* for the appellee (plaintiff).

BIELUCH, J. The defendants,[1] Mildred E. Mulligan and Charter Oak Construction Company, Inc. (Char-

---

[1] This action was originally brought against the named defendant, Charter Oak Construction Company, Inc., Hull-Hazard, Inc., and the town of West Hartford. The plaintiff's actions against Hull-Hazard, Inc., and the town of West Hartford were withdrawn. As used in this opinion, the term defendants refers to the named defendant and Charter Oak Construction Company, Inc., the appellants in this case.

ter Oak), have appealed from the trial court's judgment rendered for the plaintiff in accordance with the jury's verdict. The defendants claim that the trial court erred (1) in refusing to grant their requests to charge, (2) in its instructions to the jury on the issue of negligence, (3) in allowing the introduction of evidence that the defendant Charter Oak possessed liability insurance, and (4) in failing to grant the defendants' motions for a directed verdict and judgment notwithstanding the verdict. We find no error.

The jury could reasonably have found the following relevant facts: On September 1, 1983, Charter Oak and Hull-Hazard, Inc. (Hull-Hazard), were engaged in construction activities at the Farmington Avenue bridge spanning Trout Brook in West Hartford. Charter Oak was preparing site excavation for utility conduits on behalf of Northeast Utilities (Northeast). Hull-Hazard was the general contractor on a flood control project with responsibility for repairing the southerly portion of the bridge, which had sustained structural damage as a result of a flood in April of 1983.

As part of its repair of the bridge, Hull-Hazard removed a large steel beam supporting the southerly overhang of the bridge. This portion of the bridge included a pedestrian walkway and a small triangular parking area at the west end of the bridge. The southerly portion of the bridge, being no longer structurally sound, was closed to vehicular traffic.

The plaintiff, eighty-five years of age and a spectator at the construction site, was standing on or near the southerly sidewalk of the bridge. As a loaded cement truck owned by Charter Oak and operated by George C. Mulligan backed onto the bridge and its southerly overhang, that portion collapsed and catapulted the truck and the plaintiff into the stream below. The plaintiff suffered serious physical injuries

as a consequence. The plaintiff brought this action for damages caused by Mulligan's negligent operation of the cement truck, and the jury returned a general verdict for the plaintiff.

## I

### THE DEFENDANTS' REQUESTS TO CHARGE

The defendants' first claim is that the court erred in refusing to charge in accordance with their request on the issue of the duty of care owed by an occupier of land to a trespasser. The defendants' request to charge sets forth eleven points of law on the issue of negligence as applied to trespassers. The soundness of the legal principles recited in the request was not challenged. The court, however, rejected the request to charge as irrelevant to the allegations set forth in the complaint and responsive pleadings.

It is fundamental that the trial court need charge only on those points of law which arise pursuant to the claims of proof advanced by the parties in their pleadings. See *Tierney* v. *American Urban Corporation,* 170 Conn. 243, 250, 365 A.2d 1153 (1976); *Novella* v. *Hartford Accident & Indemnity Co.,* 163 Conn. 552, 573, 316 A.2d 394 (1972); *Franks* v. *Lockwood,* 146 Conn. 273, 279, 150 A.2d 215 (1959). Our review of the pleadings indicates that the plaintiff's revised complaint alleged negligence by the defendants in the course of Mulligan's operation of Charter Oak's truck, and not negligence arising from the ownership or occupancy of land. The plaintiff's revised complaint does not allege that the defendants occupied the premises in such a manner as to make them responsible for its condition. Likewise, the defendants do not allege that the plaintiff prosecuted this action on that legal theory. The plaintiff's allegations of negligence were based upon Charter Oak's parking of a 7500 pound truck carrying an air compressor on the triangular parking area located

at the southwesterly end of the bridge and the operation of a loaded cement truck on the westerly end of the unsupported overhanging bridge and adjacent sidewalk, causing the bridge and sidewalk to collapse. The plaintiff alleged that these activities constituted negligence in that the defendants knew or in the exercise of reasonable care should have known that their conduct would result in the collapse of the sidewalk. Our review of the record discloses that no special defenses were interposed by the defendants in this case. The defendants' answer consisted merely of a general denial of the plaintiff's allegations of negligence. Since the legal theory contained in the defendants' request to charge was irrelevant to the legal theories presented by the pleadings, the trial court properly refused to charge on those issues.

The defendants also allege that the court erred in failing to charge in accordance with the defendants' request on the effect of warnings issued to the plaintiff by the workers at the construction site. The substantive law contained in the defendants' request to charge concerned the duty of a landowner to warn trespassers of dangerous conditions known to exist on his land. See 2 Restatement (Second), Torts § 336, comment (d). Since such an issue was not material to the plaintiff's theory of negligence, the trial court correctly refused to charge in accordance with the defendants' request.

The defendants also allege that the court erred in failing to provide the jury with any instruction as to the legal consequences of the warnings given to the plaintiff. It is argued that the legal effect of these warnings was placed in issue by the defendants' general denial contained in their answer. The defendants claim that a reasonable warning may have been all that was required of the defendants to discharge their duty of

reasonable care. We find that the warnings given were legally insufficient to discharge their duty of care in this case.

The plaintiff's principal claim of negligence was based upon the defendants' conduct in backing a loaded cement truck onto the unsupported bridge overhang and adjacent sidewalk area. For the defendants to have discharged their duty of care under such circumstances, they would have had to warn the plaintiff of the condition of the unsupported bridge overhang and adjacent sidewalk and the resulting danger which would be presented by backing the cement truck onto the unsupported structure. The defendants do not claim, nor does our review of the testimony disclose, that any such warning was given. The testimony of the witnesses demonstrates that the plaintiff was warned about standing too close to the workmen using jackhammers and cautioned about getting in the way of the backhoe. Since the testimony of the warnings was legally insufficient to prove that the defendants had discharged their duty of care under the facts of this case, the trial court's failure to charge on that issue could not be error.

The defendants further allege that the trial court erred in denying the defendants' request to charge and in refusing to charge that the plaintiff's refusal to heed the warnings given by the men at the construction site may have been the proximate cause of the plaintiff's injuries. The defendants' claim is one of contributory negligence, which must be specially pleaded. See General Statutes § 52-114; Practice Book § 167. For the reasons stated above, since no such special defense was asserted in the defendants' answer, they were not entitled to such an instruction. See, e.g., *Faulkner* v. *Reid*, 176 Conn. 280, 281, 407 A.2d 958 (1978).

## II

### THE CHARGE TO THE JURY

The defendants' second claim asserts that the court erred in instructing the jurors that they may take into account, while deciding the issue of negligence, "the various testimony as to whether or not the foreman gave safety instructions to his men." The defendants characterize this instruction as beyond the allegations of the plaintiff's complaint. See *Matthews* v. *F.M.C. Corporation,* 190 Conn. 700, 705, 462 A.2d 376 (1983).

"The test of a proper jury charge is whether ' "it fairly presents the case to the jury, in such a way that injustice was not done under the rules of law to the legal rights of either litigant . . . ." ' A proper jury charge must be correct in law, adapted to the issues and ample for the guidance of the jury. . . . Jury instructions should be confined to matters in issue by virtue of the pleadings and evidence in the case. . . . It is error to submit a specification of negligence to the jury in respect to which no evidence has been offered." (Citations omitted.) *Mack* v. *Perzanowski,* 172 Conn. 310, 313, 374 A.2d 236 (1977).

One of the plaintiff's allegations of the defendants' negligence was that in the exercise of reasonable care they should have known of the danger of conducting their construction operations and that they failed to take any actions to avoid the resulting sidewalk collapse. We find that this allegation is sufficient to warrant the introduction of evidence as to whether the foreman gave safety instructions to his men and to warrant the court's reference to this evidence in its charge to the jury.

The defendants also allege that the court erred in charging the jury on issues raised by the pleadings, but

not supported by the evidence. Specifically, the defendants claim that the court erred in instructing the jurors that they could consider paragraph 7 (d) and 7 (f) of the plaintiff's revised complaint. Paragraph 7 (d) alleged that the defendants were negligent in weakening the sidewalk portion of the overhanging bridge by attempting to remove a metallic pipe with jackhammers and other instruments. Paragraph 7 (f) alleged that the defendants were negligent in driving the cement truck onto the bridge when the cement truck weighed in excess of the legal limit permitted on the bridge.

It is beyond cavil that the trial court may not submit for the jury's consideration any theory of negligence which is unsupported by the evidence. *Mack* v. *Perzanowski*, supra; *Goggins* v. *Reinzo Trucking Co.*, 166 Conn. 240, 246–47, 348 A.2d 569 (1974). We do not agree, however, that there was no evidence to support these allegations of the complaint.

As relevant to paragraph 7 (d) of the revised complaint, the record contains testimony by several witnesses that a jackhammer was used on the bridge to remove concrete and to form trenches to lay conduit for Northeast. The air compressor carried on the truck of Charter Oak which was parked in the nearby triangular area operated the jackhammer. There was also testimony by Paul Cianci, a consulting structural engineer, that the unsupported sidewalk in question was in a severely weakened condition prior to the accident and that only a little blow or vibration could cause it to collapse. We find that such testimony provided sufficient evidence to consider whether the operation of the jackhammer or similar tools further weakened the sidewalk.

As relevant to paragraph 7 (f) of the revised complaint, the record contains substantial evidence that the loaded cement truck weighed in excess of the legal limit

for the bridge and that the weight of the truck was in part the cause for the collapse of the unsupported portion of the bridge. We likewise find, therefore, that the court did not err in submitting this allegation of negligence to the jury.

The defendants also allege that the trial court erred in its instruction on the issue of proximate cause. The defendants claim that the following portion of the trial court's charge on proximate cause was erroneous: "If you find that even though the extension span may have been in a seriously weakened condition, the act of driving the twenty and one-half ton cement truck onto it in that condition [was a] substantial factor in causing the extension span to collapse, then you are to find that it was the Charter Oak Construction Company and Mr. Mulligan, not anyone else, who are reponsible for the plaintiff's injuries." The defendants claim that the court, in effect, directed a verdict for the plaintiff on the issue of proximate cause.

Our review of the transcript reveals that the defendants took no exception to the court's charge on this basis. The only exception taken to the instruction on the issue of proximate cause was unrelated to this claim and was made while the defendants were excepting to the court's instruction to the jurors that they could consider the plaintiff's allegation of negligence as set forth in paragraph 7 (c) of the revised complaint. This specification claimed negligence in that "the decedent, George C. Mulligan, drove the cement truck owned by Charter Oak Construction Company, Inc., onto the sidewalk portion of said Farmington Avenue bridge when other vehicles, owned by Charter Oak Construction Company, Inc., were parked on the sidewalk area . . . ." During that exception, the defendants stated that there was "no evidence of proximate cause or that [the placing of the cement truck on the sidewalk area] was a substantial factor." The exception taken by the defend-

ants' counsel was insufficient to apprise the trial court of the claim now being made in this appeal and is not, therefore, properly reviewable.[2] See *Mihalek* v. *Cichowski*, 4 Conn. App. 484, 486, 495 A.2d 721 (1985); see also Practice Book §§ 315 and 4185 (claims on appeal to be distinctly raised at trial).

The defendants also allege that the court's charge failed to provide the jury with adequate guidance to decide whether the defendants owed a duty to the plaintiff. This claim arises from the trial court's instruction that "[i]f the defendants knew of the presence of the plaintiff in the area where they were driving their truck, then they owed him a duty to refrain from injuring him as a reasonably prudent man would do.'" The defendants took exception to this charge because it failed to provide the jurors with proper guidance in the event that they concluded that the defendants were not aware of the plaintiff's presence in the area. The defendants argue that "a charge that is expressly contingent upon the finding of a disputed fact, which charge is unaccompanied by any guidance whatsoever for the possibility that such fact is not found, leaves the jury guessing about what the law is. No intelligent juror could find ample guidance in such an obviously incomplete instruction." We disagree with the defendants' claim that the jurors were not provided adequate guidance as to their duty under the law should they find that the defendants were not aware of the plaintiff's presence in the area at the time of the accident.

The court properly instructed the jury that the plaintiff bore the burden of proving his allegations of negligence, specifically that the defendants knew that the

---

[2] This court is, of course, free to recognize plain error not brought to the attention of the trial court where necessary to serve the interest of justice. Practice Book § 4185. We find, however, that the defendants' present allegation as applied to the court's charge in this case does not constitute plain error.

plaintiff was in the area where the cement truck was being operated, and that they breached their duty of care by failing to operate that truck in the same manner as a reasonably prudent person. The court also instructed the jury that if the plaintiff fails to prove by a fair preponderance of the evidence that the defendants were negligent, they must render a verdict for the defendants. Such an instruction provided sufficient guidance for the jurors as to their duty should they find that the defendants were not aware of the plaintiff's presence in the area of the cement truck. Reading the jury charge as a whole, we conclude that it was sufficient to guide the jury to a lawful result. See *Mack* v. *Perzanoswki,* supra.

## III

### EVIDENCE OF THE CHARTER OAK'S INSURANCE CARRIER

The defendants claim that the trial court erred in admitting evidence that Charter Oak was insured by the Aetna Insurance Company. Specifically, the defendants claim that the trial court erred in allowing the plaintiff to question the defendants' engineering expert, Cianci, as to the identity and occupation of the person who hired him to investigate the accident. The witness had previously testified that he was hired to investigate the accident on behalf of Charter Oak. The witness was then allowed to testify that he was hired by John Scarpolino, a claims representative for the Aetna Insurance Company. The defendants claim that such evidence was irrelevant and extremely prejudicial. The defendants also contend that the trial court compounded this alleged error by instructing the jury that no connection should be made between an insurance company and any defendant in the case.

"Generally, in negligence actions, evidence that the defendant carries liability insurance is inadmissi-

ble. . . . This rule, however, is not without exception. . . . 'It is usually held that it is permissible for plaintiff's counsel, when acting in good faith, to show the relationship between a witness and defendant's insurance company where such evidence tends to show the interest or bias of the witness and affects the weight to be accorded his testimony.' " (Citations omitted.) *Magnon* v. *Glickman,* 185 Conn. 234, 242, 440 A.2d 909 (1981).

During the discussion which took place relevant to the defendants' objection, the court noted that it was "a well known fact in this case that Aetna [was] in this case" and at no time until the present objection, did the defendants make any objection to the introduction of that evidence. The court indicated that it was of the opinion that no further harm or prejudice would be done beyond what harm might have been done by the prior mention of the Aetna Insurance Company without objection. The plaintiff's counsel, in defense of his right to ask who had hired the witness, stated his belief that the jury had the right to know the motive and the reason why the witness was testifying. It should also be noted that after the witness identified the person who had hired him as a claims representative of the Aetna Insurance Company, no further reference was made to Charter Oak's insurance carrier.

Whether the witness should have been allowed to testify that he was hired by the Aetna Insurance Company is a matter of discretion for the trial court. See id., 243. Under the facts of this case, where the Aetna Insurance Company had been referred to by name several times earlier during the course of the trial without objection by the defendants and the plaintiff's justification for eliciting such testimony failed to demonstrate anything other than a good faith attempt to establish the witness' motive for testifying, we do not find that the trial court abused its discretion in admit-

ting such testimony. Furthermore, we find that any prejudice which the defendants allege to have resulted from the admission of such testimony was cured by the trial court's cautionary instruction to the jurors that they were not to consider whether a defendant was insured. See id. For these reasons, the trial court properly denied the defendants' motion for a mistrial filed on the ground that evidence of insurance coverage had been improperly admitted.

## IV

### THE DEFENDANTS' MOTIONS FOR A DIRECTED VERDICT AND FOR JUDGMENT NOTWITHSTANDING THE VERDICT

The defendants' final claim is that the trial court erred in denying the defendants' motions for a directed verdict and for judgment notwithstanding the verdict. The grounds proffered in support of their claim that the plaintiff failed to prove his cause of action have been addressed fully in this opinion. For the reasons stated herein, the trial court properly denied the defendants' motions.

There is no error.

In this opinion the other judges concurred.