JAMES J. DRUMMOND *v.* EDMUND J. HUSSEY
(9075)

NORCOTT, LAVERY and LANDAU, Js.

Argued January 9—decision released March 19, 1991

*R. Bartley Halloran,* with whom, on the brief, was *Jeffrey Holley,* for the appellant (defendant).

*Alfred J. Garofolo,* for the appellee (plaintiff).

PER CURIAM. The defendant in this conversion action appeals from the trial court's refusal to charge in accordance with his requests, and challenges the court's instruction to the jury. We affirm the judgment of the trial court.

The defendant's first claim is that the trial court did not charge on the concepts of express and implied contracts or on the theory of quantum meruit. These contract issues were not raised in the pleadings, however, and are not supported in the evidence. The trial court need charge only on those points of law that arise pursuant to the claims of proof advanced by the parties in their pleadings. *Nesbitt* v. *Mulligan,* 11 Conn. App. 348, 351, 527 A.2d 1195, cert. denied, 205 Conn. 805, 531 A.2d 936 (1987); see *Tierney* v. *American Urban Corporation,* 170 Conn. 243, 250, 365 A.2d 1153 (1976). The court does not have a duty to submit to the jury issues that are not supported by the evidence. See *Batick* v. *Seymour,* 186 Conn. 632, 641, 443 A.2d 471 (1982); *Miles* v. *Sherman,* 116 Conn. 678, 682, 166 A. 250 (1933).

The defendant also claims that the trial court, in its charge, improperly instructed the jury to disregard the words "wrongfully" and "fraudulently" included in the first count of the plaintiff's amended complaint. This count states that "the defendant wrongfully, fraudulently and without authority issued checks to himself or for his benefit, which checks represented funds which were rightfully the property of the plaintiff thereby converting such funds to his own use." The trial court clearly determined that the facts pleaded were "sufficient to support a claim of conversion" and that it regarded the use of the word "fraudulently" as surplusage. " '[T]he interpretation of pleadings is always a question of law for the court . . . .' " *Cahill* v. *Board of Education,* 198 Conn. 229, 236, 502 A.2d 410 (1985).

In addition, "[t]he allegations of the complaint must be given ' "such reasonable construction as will give effect to [it] in conformity with the general theory which it was intended to follow, and do substantial justice *between the parties.*" ' (Emphasis in original.)" *Burns* v. *Koellmer,* 11 Conn. App. 375, 382, 527 A.2d 1210 (1987), quoting *Cahill* v. *Board of Education,* supra. The trial court, therefore, properly instructed the jury on the issue of conversion.

The defendant's final claim is that the trial court failed to instruct the jury on the issue of consent. A trial court need not charge the jury in the language requested. " ' "[E]rror cannot be predicated on a failure to adopt the particular language of a request to charge where the matter is adequately and fairly covered in the charge." . . . A charge must be read as a whole; the test is not whether it is exhaustive, letter perfect or technically accurate . . . but whether the charge as a whole fairly presented the case so that no injustice was done.' " (Citations omitted.) *Rogers* v. *Delfino,* 13 Conn. App. 725, 728, 539 A.2d 156 (1988). In its instructions to the jury on the elements of conversion, the court employed the words "unauthorized assumption," "unauthorized acts" and "without any authority." The issue of consent is implicit in this language. The totality of the court's charge thus provided the necessary guidance for the jury to make its determination.

The judgment is affirmed.