[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSE (#107)
By way of complaint dated May 29, 1997, and filed with the Superior Court on June 9, 1997, the plaintiff, David Gill, seeks to recover for damages he allegedly sustained when the defendant's employee injured him on October 14, 1996. The plaintiff claims that on that day, an employee of the defendant, Richard Foreman, kneeled on his right hand and arm which resulted in a fracture of his right third and forth metacarpals.
The defendant, Groton Ambulance Association, disputes the plaintiff's allegations by way of an answer and special defense filed with the court on October 14, 1997. The defendant's special defense alleges that "[a]ny injuries or damages suffered by the [p]laintiff were due to his own negligence in that . . . [h]e failed to keep the vehicle he was operating under reasonable and proper control[,] . . . [h]e operated his vehicle at an unreasonable rate of speed, considering the lack of experience he CT Page 3493 had in operating such of vehicle[, and] [h]e failed to make reasonable use of his senses and faculties."
On October 27, 1997, the plaintiff filed a motion to strike the defendant's special defense[1] and a memorandum in support of his motion. The defendant filed a timely objection and a memorandum in opposition to the plaintiff's motion.[2] The court heard oral argument on December 1, 1997.
"[A] plaintiff can [move to strike] a special defense. . . .", Nowak v. Nowak, 175 Conn. 112, 116,394 A.2d 716 (1978); see also Connecticut National Bank v. Voog,233 Conn. 352, 354-55, 659 A.2d 172 (1995); Girard v. Weiss,43 Conn. App. 397, 417, 682 A.2d 1078, cert. denied, 239 Conn. 946
(1996). The motion is a "proper vehicle by which to contest the legal sufficiency of any special defense contained in an answer to the complaint." Doran v. Waterbury Parking Authority, 35 Conn. Sup. 280,281, 408 A.2d 277 (1979). When evaluating a special defense that has been challenged pursuant to a motion to strike, the court must construe the facts alleged most favorably to the defendant alleging them. R.K. Contractors, Inc. v. Fusco Corporation,231 Conn. 381, 384, 650 A.2d 153 (1994); Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
The plaintiff moves to strike the defendant's special defense on the ground that it is "legally insufficient because [it does] not apply to the [p]laintiff's cause of action." Practice Book § 164 provides in pertinent part: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged."
"In any action to recover damages for negligently causing . . . personal injury . . . it shall be presumed that such person . . . who was injured . . . was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care. If contributory negligence is relied upon as a defense, it shall be affirmatively pleaded by the defendant . . . and the burden of proving such contributory negligence shall rest upon the defendant or defendants." General Statutes § 52-114[3]; Practice Book § 167[4]. "Thus, there is a presumption of reasonable care on the part of the injured party that the defendant has the burden of overcoming, and the failure of a defendant in a negligence action to plead CT Page 3494 contributory negligence as an affirmative defense precludes any inquiry into negligent acts by the plaintiff." Bradford v.Herzig, 33 Conn. App. 714, 719, 638 A.2d 608, cert. denied,229 Conn. 920, 624 A.2d 1212 (1994); see also Goodmaster v. Houser,225 Conn. 637, 649 n. 10, 625 A.2d 1366 (1993); Borkowski v.Sacheti, 43 Conn. App. 294, 327, 682 A.2d 1095, cert. denied,239 Conn. 945, 686 A.2d 120 (1996).
In the present case, the defendant's special defense alleges that the "injuries or damages suffered by the [p]laintiff were due to his own negligence. . . ." The defendant asserts that the plaintiff was contributorily negligent and, therefore, he must plead that contention as a special defense.
Accordingly, the plaintiff's motion to strike the defendant's special defense is denied.
Martin, J.