[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought an action in two counts against James Aurilio d/b/a Jim's Auto Repair and the City of Bridgeport. In the first count the plaintiff alleged that Jim's Auto Body illegally towed the plaintiff's 1973 Oldsmobile station wagon and converted it to its own use. In the second count the plaintiff alleged that Jim's Auto Body was acting as the agent of and at the instruction of the City of Bridgeport when it illegally towed the vehicle. In addition, the plaintiff alleged that the City was liable to indemnify the defendant James Aurilio for any damages for which he may be liable to the plaintiff pursuant to Connecticut General Statutes § 7-465.
The plaintiff was represented by counsel at the time the suit was instituted; however, counsel was allowed to withdraw after a hearing in damages against Jim's Auto Body. Thereafter, the plaintiff proceeded to trial pro se on the second count of the complaint against the City of Bridgeport. The second count of the complaint incorporated the three paragraphs of the first count wherein the plaintiff alleged that Jim's Auto Body illegally towed his automobile and converted it to its own use. CT Page 4234
The court finds that on or about September 2, 1986, Jim's Auto Body illegally towed the plaintiff's 1973 Oldsmobile station wagon and thereafter converted the vehicle to its own use. The court further finds that Jim's Auto Body acted as an agent for and under the direction of the City of Bridgeport.
The defendant City of Bridgeport is liable for the actions of its agent, Jim's Auto Body, in failing to return the vehicle. The court found the testimony and documentary evidence produced by the plaintiff to be persuasive "Conversion is usually defined to be an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. . . . It is some unauthorized act which deprives another of his property permanently or for an indefinite time; some unauthorized assumption and exercise of the powers of the owner to his harm. The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm." (Internal quotation marks omitted; citations omitted.)Devitt v. Manulik, 176 Conn. 657, 660, 410 A.2d 465 (1979).
The City's defense was primarily directed at the plaintiff's allegation that the City was liable to Jim's Auto Body pursuant to Connecticut General Statutes § 7-465 which states in pertinent part:
 (a) Any town, city or borough, notwithstanding any inconsistent provision of law . . . shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property. . . .
The statute further provides that:
 . . . No action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefor arose nor CT Page 4235 unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued. . . .
The defendant City of Bridgeport asserted correctly that this action was not brought within two years after the illegal towing nor was notice given within six months after the cause of action accrued. The plaintiff's allegation that "the defendant City of Bridgeport is liable to indemnify the defendant James Aurilio for any damages he may be liable to the plaintiff which resulted from the conversation described herein" does not claim relief for the plaintiff. There is also no allegation or evidence that Jim's Auto Body was an employee of the City of Bridgeport. The court concludes that the allegations with respect to Connecticut General Statutes § 7-465 were irrelevant surplusage.
The gravamen of the plaintiff's complaint was the conversion which the court finds he has proven "[T]he interpretation of pleadings is always a question of law for the court. . . . In addition, the allegations of the complaint must be given such reasonable construction as will give effect to [it] in conformity with the general theory which it was intended to follow, and do substantial justice between the parties. (Emphasis in original )" (Internal quotation marks omitted; citations omitted.) Drummondv. Hussey, 24 Conn. App. 247, 248, 588 A.2d 233 (1991).
The defendant City's last claim is that of governmental immunity. The City did not plead governmental immunity and raised it only during closing argument after the conclusion of all the evidence. "Governmental immunity is essentially a defense of confession and avoidance similar to other defenses required to be affirmatively pleaded." (Citations omitted.) Gauvin v. New Haven,187 Conn. 180, 184, 445 A.2d 1 (1982). "The purpose of requiring affirmative pleading is to apprise the court and the opposing party of the issues to be tried and to prevent concealment of the issues until the trial is under way." (Citation omitted ) Id., 185. The court declines to consider this untimely defense.
The plaintiff claimed $5,000 as damages because, in his opinion, his car was worth $5,000 at the time of the illegal towing. Based on the evidence, the court finds the fair market value of the plaintiff's vehicle at the time of the conversion to CT Page 4236 be $1,175[1] and enters judgment in that amount for the plaintiff plus costs.
E. EUGENE SPEAR, JUDGE