## AL-JANET, LLC, ET AL. *v.* B AND B HOME IMPROVEMENTS, LLC, ET AL.
### (AC 27370)

Flynn, C. J., and Bishop and McLachlan, Js.

Argued February 8—officially released June 19, 2007

*Joseph P. Secola,* for the appellants (plaintiffs).

*Kasey Procko Burchman,* with whom was *Michael Feldman,* for the appellees (defendant Berube Insurance Agency et al.).

*Opinion*

McLACHLAN, J. The plaintiffs, Al-Janet, LLC, Ghulam Murtaza and Zahid Hussain, appeal from the judgment

rendered after the jury's verdict in favor of the defendants, Berube Insurance Agency and Gary P. Berube.[1] On appeal, the plaintiffs claim that the court improperly (1) declined to instruct the jury on the general duties of an insurance agent and the elements of promissory estoppel as proposed by the plaintiffs and (2) granted the defendants' motion to preclude the testimony of an expert witness. We affirm the judgment of the trial court.

This matter arises out of a contractual dispute over liability insurance coverage on the plaintiffs' gasoline station. On January 3, 2001, a patron of the gasoline station suffered personal injuries resulting from a slip and fall on the premises and, consequently, received a binding arbitration award of $152,514.50 against the plaintiffs. The plaintiffs, who had no insurance to cover these losses, brought the present action against the defendants. In the complaint, the plaintiffs alleged, inter alia, that on September 30, 2000, they had entered into a contract with the defendants to procure liability insurance on the premises and that the defendants had breached their contractual obligation by failing to procure the insurance, which resulted in substantial monetary damages to the plaintiffs. The plaintiffs further alleged that the defendants had assured them that they would be covered against any and all bodily injury and property damage claims and that the plaintiffs had relied on these assurances to their detriment.

The jury reasonably could have found the following facts that are relevant to the issues raised on appeal. In August, 2000, Murtaza purchased a gasoline station in Brookfield and hired Hussain to manage the station. When Murtaza bought the premises, the previous owner

---

[1] Prior to trial, the complaint was withdrawn as against the defendant B & B Home Improvements, LLC. We hereinafter refer to Berube Insurance Agency and Gary Berube as the defendants.

recommended that he contact the defendants to obtain liability insurance coverage. On September 30, 2000, the plaintiffs contacted Berube to inquire about obtaining the insurance, and the following day he faxed an insurance quote to the plaintiffs. The defendants initiated several further contacts in October, 2000, in order to complete the application and to collect a deposit for the insurance. Berube testified, however, that the plaintiffs indicated that they wanted to shop around for a better price, and he did not hear back from them at that time. Murtaza testified that he did not remember actually entering into a contract with the defendants to obtain the insurance, and Hussain testified that he did not personally enter into such a contract with the defendants in October, 2000. It is undisputed that the plaintiffs did not make any payment for the quoted insurance policy prior to the slip and fall accident that occurred on the premises in January, 2001, or receive any documents other than the quote that Berube faxed to them.

On April 18, 2001, more than three months after the accident, the plaintiffs contacted the defendants with regard to obtaining insurance coverage. Berube testified that at that time, Hussain requested that he backdate the coverage to January 1, 2001. The plaintiffs obtained an insurance policy from the defendants effective April 18, 2001.

On December 12, 2005, the jury returned a verdict in favor of the defendants. On January 16, 2006, the court issued a memorandum of decision denying the plaintiffs' motion to set aside the verdict. This appeal followed.

I

The plaintiffs' first claim involves two separate jury instructions, each of which the plaintiffs had proposed but which the court declined to adopt in its charge to

the jury. Specifically, the plaintiffs claim that the court improperly declined to adopt their proposed instructions on the general duties of an insurance agent and on the elements of promissory estoppel.

Our standard of review concerning preserved claims of improper jury instruction is well settled.[2] "When reviewing [a] challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper." (Internal quotation marks omitted.) *Smith* v. *Greenwich*, 278 Conn. 428, 437, 899 A.2d 563 (2006). A court's failure to charge precisely as proposed by a party is not improper when the point is fairly covered in the charge. Id. "Instructions are adequate if they give the jury a clear understanding of the issues and proper guidance in determining those issues." (Internal quotation marks omitted.) Id.

With respect to the plaintiffs' request to charge the jury on the general duties of an insurance agent to a consumer, the plaintiffs claim that they properly pleaded and presented evidence at trial that the defendants were insurance professionals. According to the plaintiffs, this should have triggered the requested jury

---

[2] With respect to the preservation of this claim, the plaintiffs requested the proposed charges to the court and took exception to the court's decision not to include the instructions in its jury charge. On appeal, the defendants do not contest that the claim was preserved adequately.

instruction on the general duties of an insurance agent.[3]
We disagree.

It is well established that "[j]ury instructions should be confined to matters in issue by virtue of the pleadings and evidence in the case. . . . It is error to submit a specification . . . to the jury in respect to which no evidence has been offered." (Citation omitted.) *Mack* v. *Perzanowski*, 172 Conn. 310, 313, 374 A.2d 236 (1977).

Here, the plaintiffs' proposed jury instruction would have created an unsupported legal presumption with respect to the relationship between the parties. Specifically, the instruction proposed by the plaintiffs would have required the jury, without legal guidance, to draw a conclusion as to whether an agency relationship existed between the defendants and the plaintiffs.[4] Although the complaint alleged that the defendants were "insurance professional[s]" and that Berube was an "agent/broker"

---

[3] The plaintiffs requested the following charge related to this duty: "To the extent that [Gary] Berube was acting as Plaintiffs' agent he owed [the plaintiffs] a duty to exercise reasonable skill, care, and diligence in effecting the insurance, and any negligence or other breach of duty on his part which defeats the insurance which he undertakes to secure will render him liable to his principal for the resulting loss. Where he undertakes to procure a policy affording protection against a designated risk, the law imposes upon him an obligation to perform with reasonable care the duty he has assumed, and he may be held liable for loss properly attributable to his default. . . .

"The principal may sue for breach of the contract. The broker's general duty is to act reasonably and without delay to procure the insurance coverage he has promised to obtain and to notify his client promptly if he is unable to procure the requested insurance coverage. . . . The purpose of timely notification is to permit the client to have an opportunity to procure insurance elsewhere. The agent breaches his contract to procure the insurance if he fails to obtain the insurance and fails to notify the client. The agent's breach then must be established to be a proximate cause of the uninsured loss." (Citations omitted; internal quotation marks omitted.)

[4] "[T]he three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." (Internal quotation marks omitted.) *McDermott* v. *Calvary Baptist Church*, 263 Conn. 378, 384, 819 A.2d 795 (2003).

of Berube Insurance Agency, it was devoid of any allegation that an agency relationship existed between the defendants and the plaintiffs. Thus, the instruction, which begins with "[t]o the extent that [Gary] Berube was acting as Plaintiffs' agent" provides no guidance to assist the jury in assessing *whether* an agency relationship arose on the basis of the facts before it. It would have been essential for the jury to make a preliminary determination as to whether such an agency relationship existed before determining whether a breach of duty arose out of that relationship, as the proposed instruction set forth.

Moreover, the plaintiffs have pointed to nothing in the record to demonstrate that they either requested an explicit instruction on the law of agency or that the evidence supported such an instruction. Thus, without legal guidance to assist the jury in determining whether an agency relationship even existed, we conclude that the proposed instruction on the duties that may have arisen as a result of such an agency relationship would have served only to confuse the jury on matters not at issue in the case, as the instruction would have required the jury to *presume* that Berube was acting as an agent of the plaintiffs, which was neither alleged in the complaint nor expressly presented to the jury at trial or in an instruction.[5] Accordingly, we conclude that the court properly declined to include the proposed instruction.

---

[5] We note that the defendants argue that the duty of an insurance agent does not arise until the parties have entered into a contract to procure insurance and that the cases cited by the plaintiffs in support of their proposed instruction all involved such a contractual relationship. With respect to the cases cited by the plaintiffs on the general duties of an insurance agent, we agree with the defendants that they are factually incongruous to the present matter, as they involved allegations of an agent's breach of duty arising from an undisputed contractual relationship or an undisputed ongoing relationship. See *Ursini* v. *Goldman*, 118 Conn. 554, 557, 173 A. 789 (1934) (action arose after insurance agent negligently failed to make required disclosures to insurance company in procuring insurance and claim denied as result); *Rametta* v. *Stella*, 214 Conn. 484, 485–88, 572 A.2d 978 (1990) (property owner had long-standing relationship with insurance

The plaintiffs also claim that the court improperly declined to charge the jury using their proposed instruction with respect to a cause of action for promissory estoppel. The plaintiffs concede that they failed to allege a distinct cause of action for promissory estoppel in their complaint. Nevertheless, they argue that the elements of promissory estoppel were set forth within their breach of contract counts and that the cause of action was supported by the testimony of the plaintiffs.

"[A]n appellant should not be allowed to claim as error that which his own action has induced." (Internal quotation marks omitted.) *Suarez* v. *Dickmont Plastics Corp.*, 242 Conn. 255, 267, 698 A.2d 838 (1997). Here, the operative counts of the plaintiffs' complaint consisted of a blend of legal elements of breach of contract and promissory estoppel within the same counts, which were entitled "Breach of Contract." Although a plaintiff may use a single count to set forth the basis of a plaintiff's claims for relief when they grow out of a single occurrence or transaction or closely related occurrences or transactions; see *Hill* v. *Williams*, 74 Conn. App. 654, 661, 813 A.2d 130, cert. denied, 263 Conn. 918, 822 A.2d 242 (2003); it does not follow that a plaintiff can force a court to parse through a poorly drafted

agency and sued agency after she directed them to obtain certain insurance, which they failed to do); *Preston* v. *Chartkoff*, Superior Court, judicial district of Ansonia-Milford at Derby, Docket No. CV-00-0071112-S (January 30, 2004) (*Lager, J.*) (although undisputed agency relationship existed imposing duty of care on defendant broker to procure commercial liability insurance for contractor, court determined that plaintiff, owner of residence where contractor was performing work, was unable to establish that agency relationship extended to plaintiff, as agent's duty of care ran only to applicant for insurance). Because we conclude that the potential confusion caused by the plaintiffs' proposed instruction renders their claim on appeal fatal, however, we need not decide in this appeal at what point an agency relationship may arise warranting an instruction on an agent's duty, or whether an insurance agent's duties are different in the absence of a clear contractual or ongoing relationship.

complaint to glean from it potential causes of action[6] and then cry foul when the court declines to instruct the jury on vague assertions inadequately supported by the evidence. The court's instruction to the jury accurately tracked the plaintiffs' allegations as they were set forth in the complaint, and the plaintiffs, having pleaded and presented the evidence in this manner, cannot now claim error on this ground. See *Drummond* v. *Hussey*, 24 Conn. App. 247, 248, 588 A.2d 223 (1991) ("[t]he trial court need charge only on those points of law that arise pursuant to the claims of proof advanced by the parties in their pleadings").

Moreover, the plaintiffs took part in a request to submit to the jury an interrogatory that mirrored the allegations set forth in the plaintiffs' complaint, which blended the elements of breach of contract and promissory estoppel. The jury interrogatory, which was submitted to the jury without objection, required the jury to answer, inter alia, "[d]o you find that the [p]laintiffs proved by a preponderance of the evidence that the [d]efendants *entered into a contract* with the [p]laintiffs to procure liability insurance and *the [p]laintiffs detrimentally relied upon these promises?*" (Emphasis added.) Accordingly, we conclude that by failing to plead distinctly a cause of action for promissory estoppel and by acquiescing in the submission of a jury interrogatory, which mirrored the complaint and the court's charge, the plaintiffs' claim of error was induced by their own actions, and they cannot claim as error that

---

[6] We note that in purportedly asserting a cause of action for promissory estoppel within the breach of contract counts, the plaintiffs failed to allege specifically the essential element of inducement. See *Torringford Farms Assn., Inc.* v. *Torrington*, 75 Conn. App. 570, 576 n.8, 816 A.2d 736 ("the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief" [internal quotation marks omitted]), cert. denied, 263 Conn. 924, 823 A.2d 1217 (2003).

which their own action has induced. See *Suarez* v. *Dickmont Plastics Corp.*, supra, 242 Conn. 266–67. We decline, therefore, to address this claim.[7]

## II

The plaintiffs next claim that the court improperly granted the defendants' motion to preclude the testimony of an expert witness regarding the duties of an insurance agent-broker. "It is well established that [t]he trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . Concerning expert testimony specifically, the trial court has wide discretion in ruling on the admissibility of expert testimony and, unless that discretion has been abused or the ruling involves a clear misconception of the law, the trial court's decision will not be disturbed. . . . Expert testimony should be admitted when: (1) the witness has a special skill or knowledge *directly applicable to a matter in issue*, (2) that skill or knowledge is not common to the average person, and (3) the testimony would be helpful to the court or jury in considering the issues." (Citation omitted; emphasis added; internal quotation marks omitted.) *Prentice* v. *Dalco Electric, Inc.*, 280 Conn. 336, 342, 907 A.2d 1204 (2006), cert. denied, 549 U.S. 1266, 127 S. Ct. 1494,167 L. Ed. 2d 230 (2007).

Prior to trial, the plaintiffs disclosed to the defendants a proposed expert witness who would testify as to the general duties of an insurance agent. By motion in limine, the defendants sought to preclude the expert

---

[7] Additionally, we note that the plaintiffs' bald assertion in their brief that the charge materially impacted the jury's verdict fails to explain adequately the harm caused by this alleged error. See *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 243, 828 A.2d 64 (2003) ("before a party is entitled to a new trial . . . he or she has the burden of demonstrating that the error was harmful. . . . An instructional impropriety is harmful if it is likely that it affected the verdict." [Internal quotation marks omitted.]).

from testifying on the grounds that the proposed testimony would be, inter alia, irrelevant and confusing to the jury. After argument, the court granted the defendants' motion.

On appeal, the plaintiffs argue that such an expert was needed to reveal the duties of an insurance agent-broker because selling insurance is a specialized field with specialized knowledge and experience. As with the plaintiffs' jury instruction claim, however, this claim *presumes* the existence of an agency relationship, which was not pleaded by the plaintiffs. As we stated in part I, the plaintiffs have cited nothing in the record to demonstrate that they either requested or that the evidence supported an explicit instruction on the law of agency. Accordingly, we conclude that the court did not abuse its discretion in precluding the proposed expert testimony, as the plaintiffs have failed to demonstrate how the testimony was directly applicable to a matter in issue in the case.

The judgment is affirmed.

In this opinion the other judges concurred.