# KATHLEEN SOPHIA *v.* CITY OF DANBURY ET AL.
## (AC 29740)

Harper, Beach and Dupont, Js.

Argued January 7—officially released July 28, 2009

*Jerry V. Leaphart,* for the appellant (plaintiff).

*Michael J. Rose,* with whom, on the brief, was *Johanna G. Zelman,* for the appellee (named defendant).

*Opinion*

BEACH, J. In this action claiming retaliation by her employer, the plaintiff, Kathleen Sophia, appeals from the judgment of the trial court rendered after it denied her motion in arrest of judgment or to set aside the verdict in favor of the defendant city of Danbury.[1] On appeal, the plaintiff claims that the court improperly instructed the jury by including elements of constructive discharge within the retaliation claim.[2] We disagree and affirm the judgment of the trial court.

---

[1] The complaint also named the Danbury police department as a defendant. The action as to the Danbury police department was withdrawn. We therefore refer in this opinion to the city of Danbury as the defendant.

[2] The plaintiff framed the issues in her brief in terms of instructional error and does not expressly claim that the court's denial of her motion in arrest of judgment or to set aside the verdict was improper.

In support of her argument regarding instructional error, the plaintiff included in the appendix to her brief an e-mail that was sent by a juror to the plaintiff's trial counsel following trial. The e-mail arguably concerns the deliberative process of the jury. The plaintiff argues that this e-mail supports her claim that the court's instructions were improper and constituted harmful error. It has long been the rule in our courts to presume the regularity of the deliberation processes of the jury and to decline to inquire into those deliberative processes once the jury has returned a verdict. *Monti* v. *Wenkert,* 287 Conn. 101, 115, 947 A.2d 261 (2008); see Practice Book § 16-34 ("Upon an inquiry into the validity of a verdict, no evidence shall be received to show the effect of any statement, conduct, event or condition upon the mind of a juror nor any evidence concerning mental processes by which the verdict was determined. . . . [A] juror's testimony or affidavit shall be

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. After receiving the statutorily required release from the commission on human rights and opportunities (commission); see General Statutes §§ 46a-100 and 46a-101; the plaintiff brought a complaint pursuant to General Statutes § 46a-60 (a) (1) et seq. In her complaint, the plaintiff alleged five counts of improper employment practices. In the retaliation count, the plaintiff claimed that as a result of her having filed a complaint with the commission, the defendant retaliated against her, and she was forced to take early retirement. The defendant filed a motion for summary judgment as to all counts of the complaint. The court granted the motion as to all counts except the retaliation count.[3]

With respect to the retaliation count, the court instructed the jury that to prevail, the plaintiff must prove that she participated in a protected activity, knowledge by the defendant of such participation, an employment action disadvantaging the plaintiff, claimed here to be constructive discharge, and a causal connection between the protected activity and the adverse employment action.[4] The court submitted inter-

received when it concerns any misconduct which by law permits a jury to be impeached."). There has been no claim of jury misconduct. Therefore, this e-mail ought not be considered.

[3] The plaintiff has not claimed that the court's decision regarding the motion for summary judgment was improper.

[4] With respect to the retaliation claim, the court instructed the jury: "It is the plaintiff's burden to prove to you, as the jury, by a fair preponderance of the evidence, that it is more probable than not that she elected to retire because the [defendant] made her working conditions so intolerable and in retaliation for her claim to the commission . . . that she had no choice but to retire. In order for you to find in favor of the plaintiff, you must find that she has proven four essential elements by a fair preponderance of the evidence: (A) . . . The plaintiff must prove that she filed a claim with the commission . . . in good faith. The parties have stipulated [that] the plaintiff satisfied this element, and, therefore, you are instructed that you must accept this fact as true. (B) . . . Next, the plaintiff must prove that the defendant knew that she filed the claim with the [commission] before the defendant did anything to retaliate against her. . . (C) Adverse employment action. An action is an adverse employment action if a reasonable employee

rogatories to the jury that mirrored these instructions.[5] The interrogatories permitted the jury to find in favor of the plaintiff only on the basis of retaliation. For the jury to find that the plaintiff proved the element of adverse employment action, the jury had to find that the defendant made her working conditions so intolerable that a reasonable person in her situation would have deemed that leaving her employment was her only reasonable alternative.

The jury returned a defendant's verdict. The interrogatory answers reflected that the plaintiff had proved

would have found the action materially adverse, which means [that] it might have dissuaded a reasonable worker from making or supporting a charge of discrimination. . . . (D) Causal connection. . . . If you find that the plaintiff was constructively discharged, you must next determine causation. In other words, you must determine if, in fact, the defendant intentionally forced the plaintiff to retire because she filed a complaint with the [commission]. The plaintiff must prove to you by a preponderance of the evidence that the circumstances surrounding her retirement justify an inference of retaliatory motive. The plaintiff must prove that the fact that she filed a complaint with the [commission] was a, quote, motivating factor, closed quote, in the [defendant's] conduct. A, quote, motivating factor, closed quote, is one that played a substantial part in the defendant's conduct. In other words, the plaintiff's evidence must show that but for her filing a complaint with the [commission], she would not have been forced to retire."

[5] The interrogatories submitted to the jury were: "1. Do you find that the plaintiff engaged in protected activity by filing a complaint with the [c]ommission . . . on February 10, 2003? (This has been stipulated to by the parties) . . . 2. Do you find that the defendant, through one or more of its agents, servants or employees in a supervisory capacity had knowledge of the plaintiff's complaint to the [c]ommission . . . on or after February 10, 2003? . . . 3. If your answer to Question 2 is 'yes,' do you find that the plaintiff has proven by a preponderance of the evidence that the defendant made her working conditions so intolerable that a reasonable person in her situation would have deemed that leaving her employment was her only alternative? . . . 4. If your answers to Questions 2 and 3 are 'yes,' do you find that the plaintiff has proven by a preponderance of the evidence that the defendant intentionally retaliated against the plaintiff and made her working conditions intolerable because she filed a complaint with the [c]ommission . . . on February 10, 2003? . . . 5. If your answers to Questions 2, 3, and 4 are 'yes,' do you find that the plaintiff has proven by a preponderance of the evidence that the intolerable working conditions caused her to apply for early retirement on February 20, 2003? . . . If your answer to any of the above questions 2, 3, 4 and 5 above is 'no' then your verdict must be

that she had participated in a protected activity and that the defendant knew of her participation. The jury also indicated in its answers that the plaintiff had proved that the defendant had made her working conditions so intolerable that a reasonable person in her situation would have deemed that leaving her employment was her only reasonable alternative but found that the plaintiff had not proved causation.[6] The plaintiff filed a motion in arrest of judgment or to set aside the verdict, which the court denied. This appeal followed. Additional facts will be set forth as necessary.

We set forth our standard of review. "Our standard of review concerning preserved claims of improper jury instruction is well settled. . . . When reviewing [a] challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper. . . . A court's failure to charge precisely as proposed by a party is not improper when the point is fairly covered in the charge. . . . Instructions are adequate if they give the jury a clear understanding of the issues and proper guidance in determining those issues." (Citations omitted; internal quotation marks

for the defendant . . . ." The jury answered "yes" to the first three questions and answered "no" to the fourth question.

[6] See footnote 4.

omitted.) *Al-Janet, LLC* v. *B & B Home Improvements, LLC*, 101 Conn. App. 836, 840, 925 A.2d 327, cert. denied, 284 Conn. 904, 931 A.2d 261 (2007).

"[A] trial court has broad discretion to regulate the manner in which interrogatories are presented to the jury, as well as their form and content. . . . Sound discretion, by definition, means a discretion that is not exercised arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law . . . . And [it] requires a knowledge and understanding of the material circumstances surrounding the matter . . . . In our review of these discretionary determinations, we make every reasonable presumption in favor of upholding the trial court's ruling." (Citations omitted; internal quotation marks omitted.) *Emerick* v. *Kuhn*, 52 Conn. App. 724, 745, 737 A.2d 456, cert. denied, 249 Conn. 929, 738 A.2d 653, cert. denied sub nom. *Emerick* v. *United Technologies Corp.*, 528 U.S. 1005, 120 S. Ct. 500, 145 L. Ed. 2d 386 (1999).

The plaintiff claims that the court improperly combined elements of "constructive discharge" with elements of "retaliation" in its jury instructions and jury interrogatories.[7] The plaintiff takes issue with jury interrogatory number three, which asks, with respect to the retaliation claim, "do you find that the plaintiff has proven by a preponderance of the evidence that the defendant made her working conditions so intolerable that a reasonable person in her situation would have deemed that leaving her employment was her only alternative?" She also apparently takes issue with the portion of the court's instruction on retaliation that states

---

[7] The plaintiff's argument at times is difficult to understand. The plaintiff seems to claim that she could have proved liability by proving only a constructive discharge without necessarily a causal link to the protected activity. The plaintiff does not appear to contest that causation is an element of a "retaliation" cause of action.

that to find the defendant liable for retaliation, the jury must find, inter alia, that there was an adverse employment action, namely, that the plaintiff was "constructively discharged."[8] The plaintiff argues that "the elements that would have satisfied the requirements for liability for a cause of action for constructive discharge were improperly combined with those of a separate cause of action for retaliation. As a practical matter, then, the plaintiff had to prove two separate claims for one finding of liability." We disagree.

The plaintiff's argument apparently assumes, notwithstanding the fact that her complaint was brought pursuant to § 46a-60 et seq., that there is an independent common-law cause of action for "constructive discharge" and that liability for such cause of action is encompassed entirely within jury interrogatory number three.[9] According to its answer to interrogatory number three, the jury found that the defendant had constructively discharged the plaintiff. A fundamental problem with the plaintiff's argument is that no such independent cause of action exists. For a plaintiff to prevail on a claim alleging a constructive discharge under *Sheets* v. *Teddy's Frosted Foods, Inc.*, 179 Conn. 471, 480, 427 A.2d 385 (1980), she must prove not only constructive discharge, but also causation: that is, that the discharge

---

[8] See footnote 4 for the court's instruction on retaliation.

[9] The plaintiff's argument is somewhat unclear as to whether she is claiming that the "constructive discharge" cause of action is statutory or based on common law. Under the circumstances, it does not matter which is being claimed. We note that the answer to jury interrogatory number three alone is insufficient to establish liability under § 46a-60 (a) (4), which also requires causation. Section 46a-60 (a) provides in relevant part: "It shall be a discriminatory practice in violation of this section . . . . (4) For any person, employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because such person has opposed any discriminatory employment practice or because such person has filed a complaint or testified or assisted in any proceeding under section 46a-82, 46a-83 or 46a-84 . . . ."

occurred for a reason violating public policy.[10] Accordingly, the plaintiff's argument—that the court committed harmful error by including within the elements of retaliation, an entirely separate cause of action and that such cause of action itself was proved—must fail. The court did not include within the retaliation count elements of a separate cause of action in its jury instructions and jury interrogatories. To address the plaintiff's argument further would require us to rule on a hypothetical situation, which we will not do. See *Rinaldi* v. *Enfield*, 82 Conn. App. 505, 515, 844 A.2d 949 (2004) ("[j]urisprudential considerations require that we address the case before us and refrain from ruling on hypothetical situations"). The court did not err in

---

[10] "In *Sheets* v. *Teddy's Frosted Foods, Inc.*, [supra, 179 Conn. 480] . . . [our Supreme Court] sanctioned a common law cause of action for wrongful discharge in situations in which the reason for the discharge involved impropriety . . . derived from some important violation of public policy." (Citation omitted; internal quotation marks omitted.) *Parsons* v. *United Technologies Corp.*, 243 Conn. 66, 76, 700 A.2d 655 (1997). A termination of employment by an employer may be express or constructive. "Constructive discharge occurs when an employer renders an employee's working conditions so difficult and intolerable that a reasonable person would feel forced to resign. . . . Through the use of constructive discharge, the law recognizes that an employee's 'voluntary' resignation may be, in reality, a dismissal by the employer." (Citations omitted; internal quotation marks omitted.) *Seery* v. *Yale-New Haven Hospital*, 17 Conn. App. 532, 540, 554 A.2d 757 (1989).

"Wrongful constructive discharge" is a form of wrongful discharge. See id. It logically follows that a claim for wrongful constructive discharge is actionable only where a claim for express discharge would be actionable in the same circumstances. Whether express or constructive, "[a] cognizable claim for wrongful discharge requires the plaintiff to establish that the employer's conduct surrounding the termination of the plaintiff's employment violated an important public policy." *Carnemolla* v. *Walsh*, 75 Conn. App. 319, 323 n.5, 815 A.2d 1251, cert. denied, 263 Conn. 913, 821 A.2d 768 (2003). "A constructive discharge in and of itself will not entitle an at will employee to prevail on a cause of action brought under [the public policy exception to the at will employment doctrine in] *Sheets*, however, because the employee must still prove that the dismissal, in whatever form, occurred for a reason violating public policy. See *Morris* v. *Hartford Courant Co.*, [200 Conn. 676, 679, 513 A.2d 66 (1986)]." *Seery* v. *Yale-New Haven Hospital*, supra, 17 Conn. App. 540.

including within its jury instructions and jury interrogatories on retaliation the element of constructive discharge.

The judgment is affirmed.

In this opinion the other judges concurred.