******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

USSBASY GARCIA *v.* ROBERT COHEN ET AL.
(AC 41079)

Lavine, Prescott and Bishop, Js.*

*Syllabus*

The plaintiff tenant sought to recover damages from the defendant landlords, R and D, for personal injuries that she suffered when she slipped on the rear exterior staircase of her apartment building. The plaintiff claimed that the defendants were negligent in failing to keep the steps of the staircase free from dirt and sand and by allowing the surface of the steps to become pitted, worn and uneven. At trial, R testified that other individuals helped him with snow removal at the property and that, together, they would remove snow and spread salt and sand on the staircase but that no one would return thereafter to clear the staircase after spreading salt and sand. After a jury trial, judgment was rendered in favor of the defendants. The plaintiff appealed to this court, claiming that the trial court improperly rejected her request to charge and failed to instruct the jury that the possessor of real property has a nondelegable duty to maintain the premises in a reasonably safe condition. This court affirmed the trial court's judgment, concluding that the general verdict rule precluded the plaintiff's claim on appeal. The plaintiff, on the granting of certification, appealed to our Supreme Court, which reversed this court's judgment and concluded that the general verdict rule did not preclude the plaintiff's claim on appeal, and remanded the case to this court with direction to consider the plaintiff's claim of instructional error. *Held*:

1. The trial court erred by failing to instruct the jury on the nondelegable duty doctrine; R's testimony that he employed contractors to remove snow and otherwise maintain the staircase implicated the nondelegable duty doctrine because that testimony implicitly raised the issue of whether he or the individuals who helped him remove snow was responsible for the condition of the staircase, and the plaintiff's proposed jury charge was relevant to the issues in the case, an accurate statement of the law and reasonably supported by the evidence adduced at trial.

2. The trial court's instructions to the jury and its refusal to instruct the jury on the defendants' nondelegable duty to maintain the premises constituted harmful error; the jury could have concluded that the snow removal team acted negligently, but the court did not instruct the jury that such a finding would have resulted in an allocation of liability to the defendants under the nondelegable duty doctrine; accordingly, this court concluded that there was a consequent likelihood of actual harm to the plaintiff significant to warrant a new trial.

Submitted on briefs October 5, 2020—officially released April 20, 2021

*Procedural History*

Action to recover damages for, inter alia, the defendants' alleged negligence, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the action was withdrawn in part; thereafter, the matter was tried to the jury before *Dubay, J.*; verdict for the defendants; subsequently, the court denied the plaintiff's motions to set aside the verdict and for a new trial, and rendered judgment in accordance with the verdict, from which the plaintiff appealed to this court, *Lavine, Prescott* and *Bishop, Js.*, which affirmed the trial court's judgment; thereafter, the plaintiff, on the granting of certification, appealed to the Supreme Court, which reversed this court's judgment and remanded the case to this court for further proceedings. *Reversed*; *new trial.*

*John Serrano* submitted a brief for the appellant (plaintiff).

*Allison Reilly-Bombara* submitted a brief for the appellees (defendants).

*Opinion*

BISHOP, J. This appeal returns to us on remand from our Supreme Court. At trial in this negligence action, a jury returned a verdict finding the defendants, Robert Cohen and Diane Cohen, not liable as landlords for injuries the plaintiff, Ussbasy Garcia, suffered when she slipped and fell on the staircase outside her apartment building on the defendants' premises. On appeal, the plaintiff claimed that the court erred by rejecting her request to charge and failing to instruct the jury that the owner of real property has a nondelegable duty to maintain the premises. We affirmed the judgment of the trial court on March 12, 2019, holding that the plaintiff's claims were not reviewable on the basis of the general verdict rule. See *Garcia* v. *Cohen*, 188 Conn. App. 380, 386–87, 204 A.3d 1245 (2019), rev'd, 335 Conn. 3, 225 A.3d 653 (2020). On certification, our Supreme Court reversed our holding with regard to the general verdict rule and remanded the case to this court with direction to consider the plaintiff's claim of instructional error. See *Garcia* v. *Cohen*, 335 Conn. 3, 28, 225 A.3d 653 (2020). On review of the merits, we agree with the plaintiff that the trial court should have issued a jury instruction on the defendants' nondelegable duty to maintain the premises, and, accordingly, we reverse the judgment of the trial court.

The following facts and procedural history are set forth in our Supreme Court's opinion. "In the middle of winter, the plaintiff exited her second floor rental apartment shortly before noon carrying a basket of laundry. She went out the rear exit and descended the exterior staircase. Before reaching the bottom of the staircase, she slipped and fell, fracturing her left ankle and tearing her left ankle deltoid ligament. She testified that she slipped because the fourth step had a lot of sand on the surface and was not safe. The plaintiff brought a premises liability action, alleging that her landlords, the defendants, negligently and carelessly (1) failed to maintain the steps clean, clear, and free of dirt and sand, (2) allowed the surface of the steps to become pitted, worn, and uneven, and (3) failed to post a notice or otherwise warn of the slippery condition of the steps. The defendants denied the allegations in the complaint and asserted a special defense alleging that the plaintiff's injuries resulted from 'her own negligence and carelessness . . . .'

"A jury trial ensued in which Robert Cohen testified about how he maintained the property during the winter months. He testified that three or four individuals helped him with snow removal at the property. Together, they would remove snow after a snowstorm and spread salt and sand on the stairs. Robert Cohen also testified that, after spreading salt and sand on the stairs, no one would return in the winter to clear off the stairs.

"In light of that testimony, the plaintiff submitted a proposed jury instruction regarding the defendants' nondelegable duty to maintain the safety of the premises. The plaintiff also proposed that the trial court submit three interrogatories to the jury. The proposed interrogatories addressed three grounds on which the jury could have determined liability: (1) Were the plaintiff's fall and injuries caused by the defendants' negligence and carelessness in failing to maintain the steps clean, clear and free of dirt and sand? (2) Were the plaintiff's fall and injuries caused by the defendants' negligence in allowing the steps to become pitted, worn and uneven? And (3) were the plaintiff's fall and injuries caused by her own failure to exercise care under the circumstances and conditions then existing?

"The trial consisted of two days of evidence. The trial court began the second, and last, day of trial by asking if the attorneys had any preliminary matters to discuss. Because the court would instruct the jury and submit the case to it for deliberation after the conclusion of evidence later that day, the plaintiff's attorney responded: 'Just the fact that I had filed jury instructions—proposed jury instructions and jury interrogatories, and my understanding is, the court is going to disallow those.' The court replied by confirming the plaintiff's understanding and explaining: 'I don't think the interrogatories are necessary, and I don't think that the nondelegable duty charge is necessary because I'm specifically charging the jury—or I intend to specifically . . . charge the jury on the duties that are owed to an invitee.' The plaintiff's attorney answered: 'Very well. Thank [you].'

"As it indicated it would, the trial court, after the close of evidence, charged the jury on the applicable law. That charge included an explanation of the duty owed to an invitee but not an explanation of the nondelegable duty doctrine.[1] Following the instructions, the trial court asked the attorneys if there were any exceptions to the

charge. The plaintiff's counsel answered: 'Other than what I had filed previously, no, Your Honor.' The jury proceeded to deliberate. During deliberations, the jury submitted the following question to the court: 'How do we indicate on the [verdict] form that we find neither party negligent?' The court instructed the jury that if it had found neither party negligent, it would have to return a defendants' verdict. The jury then returned a defendants' verdict." (Footnote added; footnotes omitted.) Id., 6–9.

After trial, the plaintiff filed motions to set aside the verdict and for a new trial. The trial court denied both motions. The plaintiff then appealed to this court, claiming that the trial court improperly had rejected her request to charge and improperly failed to instruct the

jury on the defendants' nondelegable duty to maintain the premises. *Garcia* v. *Cohen*, supra, 188 Conn. App. 381–82. At oral argument, this court asked the parties whether the general verdict rule would apply to bar consideration of the plaintiff's instructional claim, and we later permitted the parties to submit supplemental briefs on that issue. Subsequently, this court concluded that the general verdict rule applied and held on that basis that the plaintiff's claims of instructional error were unreviewable. Id., 386–87.

The plaintiff filed a petition for certification to appeal from the judgment of this court, which was granted by our Supreme Court. Our Supreme Court held that "the Appellate Court incorrectly concluded that the plaintiff's instructional error claim was not reviewable." *Garcia* v. *Cohen*, supra, 335 Conn. 28. The court reasoned: "The general verdict rule does not apply in the present case because the plaintiff had requested that the trial court submit her properly framed interrogatories to the jury and had objected when it denied her request. She properly framed her interrogatories by submitting questions addressing her claim of negligence and the defendants' denial of negligence and special defense of contributory negligence. The claims of negligence and contributory negligence are so intertwined with the plaintiff's nondelegable duty jury charge claim on appeal that the general verdict rule does not bar review. Additionally, the plaintiff was not required on appeal to assert an independent claim of error on the basis of the trial court's rejection of her request to submit the interrogatories to the jury. Rather, the plaintiff's submission of interrogatories and her objection upon the court's refusal to submit them to the jury is a defense to the application of the general verdict rule, not an independent claim of error." Id., 6. Accordingly, our Supreme Court remanded the case to this court with direction to review the trial court's denial of the plaintiff's request for a jury instruction on the nondelegable duty doctrine. Id., 28. Additional facts will be set forth as necessary.

I

First, the plaintiff claims that the trial court erred when it refused to give her requested jury instruction on the nondelegable duty doctrine. Specifically, she argues that "the ruling on the instruction rested on the incorrect assertion that the evidence showed that only the defendants were responsible for maintaining the stairway and the ruling violated the principle that a request to charge must be given if it accurately states the law and is founded, even weakly, on the evidence, and is relevant to the issues to be decided by the jury." We agree.

We begin by setting forth our standard of review. "In determining whether the trial court improperly refused a request to charge, [w]e . . . review the evidence pre-

sented at trial in the light most favorable to supporting the . . . proposed charge. . . . A request to charge which is relevant to the issues of [a] case and which is an accurate statement of the law must be given. . . . If, however, the evidence would not reasonably support a finding of the particular issue, the trial court has a duty not to submit it to the jury. . . . Thus, a trial court should instruct the jury in accordance with a party's request to charge [only] if the proposed instructions are reasonably supported by the evidence." (Internal quotation marks omitted.) *Brown* v. *Robishaw*, 282 Conn. 628, 633, 922 A.2d 1086 (2007).

"The court has a duty to submit to the jury no issue upon which the evidence would not reasonably support a finding. . . . The court should, however, submit to the jury all issues as outlined by the pleadings and as reasonably supported by the evidence." (Citations omitted; internal quotation marks omitted.) *Goodmaster* v. *Houser*, 225 Conn. 637, 648, 625 A.2d 1366 (1993).

Whether the evidence presented by a party reasonably supports a particular request to charge "is a question of law over which our review is plenary." *Brown* v. *Robishaw*, supra, 282 Conn. 633. Similarly, whether there is a legal basis for the requested charge is a question of law also entitled to plenary review. Id., 633–34.

The nondelegable duty doctrine is well established. "[T]he owner or occupier of premises owes invitees a nondelegable duty to exercise ordinary care for the safety of such persons." (Internal quotation marks omitted.) *Gazo* v. *Stamford*, 255 Conn. 245, 257, 765 A.2d 505 (2001). "[T]he nondelegable duty doctrine means that [the employer] may contract out the performance of [its] nondelegable duty, but may not contract out [its] ultimate legal responsibility." (Emphasis omitted; internal quotation marks omitted.) *Machado* v. *Hartford*, 292 Conn. 364, 371–72, 972 A.2d 724 (2009). In *Smith* v. *Greenwich*, 278 Conn. 428, 460, 899 A.2d 563 (2006), our Supreme Court stated that "the owner or occupier of a premises owes a nondelegable duty to keep the premises safe by protecting third persons from foreseeable slip and fall injuries. Should the owner or occupier of the premises hire a contractor to maintain the property, the owner or occupier is vicariously liable for the consequences arising from that contractor's tortious conduct." In *Sola* v. *Wal-Mart Stores, Inc.*, 152 Conn. App. 732, 743, 100 A.3d 864, cert. denied, 314 Conn. 941, 103 A.3d 165 (2014), this court summarized that "the nondelegable duty doctrine creates a form of vicarious liability pursuant to which a property owner may be liable to an invitee for the negligence of its independent contractors or subcontractors in their performance of the employer's nondelegable duty, regardless of whether the property owner actually is at fault or the degree of fault." (Internal quotation marks omitted.)

In the present case, there is no dispute that the plain-

tiff's proposed jury charge was an accurate statement of the law regarding the nondelegable duty doctrine. At issue, however, is whether that proposed charge was reasonably supported by the evidence presented, viewing that evidence in the light most favorable to supporting the proposed charge. During trial, Robert Cohen testified that he hired individuals to assist him in removing snow from the plaintiff's steps and in spreading salt and sand on them. On its face, that testimony implicates the nondelegable duty doctrine because Robert Cohen testified that there were individuals performing maintenance work on the rear exterior staircase. Thus, he raised the issue, by implication, of whether he or the others may have been responsible for the claimed defect. It is well fixed in our decisional law, however, that the defendants cannot shift legal responsibility to others when someone is injured due to the condition of property owned and controlled by the defendants.

Nevertheless, the defendants argue that the nondelegable duty doctrine does not apply to the facts of this case because (1) "there was no evidence, nor was it argued at trial, that anyone other than the [defendants] was responsible for maintaining the premises" and (2) the defendants never attempted to shift the burden of maintaining the premises onto a third party. That first argument is plainly incorrect. Viewed in the light most favorable to supporting the proposed charge, Robert Cohen's testimony that he employed contractors to remove snow and otherwise maintain the staircase establishes that those contractors, in addition to the defendants, were "responsible for maintaining the premises."

With respect to the defendants' second argument, the plaintiff relies on a series of cases to argue that, so long as a jury instruction is legally valid and is supported by admitted evidence, a court must give that instruction, even if the party requesting the instruction did not press an argument related thereto at trial. In other words, even though the plaintiff did not expressly argue at trial that the defendants were attempting to shift responsibility to their contractors, the plaintiff argues that the court improperly failed to give the nondelegable duty instruction because Robert Cohen's testimony at trial reasonably supported that charge. First, in *Wasko* v. *Farley*, 108 Conn. App. 156, 169–70, 947 A.2d 978, cert. denied, 289 Conn. 922, 958 A.2d 155 (2008), and *Futterleib* v. *Mr. Happy's, Inc.*, 16 Conn. App. 497, 501–502, 548 A.2d 728 (1988), this court held that, because the evidence supported a jury charge on an injured party's duty to mitigate damages, it was not necessary for the defendants to have pleaded mitigation as a special defense. Second, in *Al-Janet, LLC* v. *B & B Home Improvements, LLC*, 101 Conn. App. 836, 842, 925 A.2d 327, cert. denied, 284 Conn. 904, 931 A.2d 261 (2007), this court rejected a jury instruction as to agency, stat-

ing that "the plaintiffs have pointed to nothing in the record to demonstrate that they either requested an explicit instruction on the law of agency *or that the evidence supported such an instruction.*" (Emphasis added.) Finally, in *Griffin* v. *Yankee Silversmith, Ltd.*, 109 Conn. App. 9, 15, 951 A.2d 1, cert. denied, 289 Conn. 925, 958 A.2d 151 (2008), a hostile workplace sexual harassment case, this court held that the trial court properly declined to instruct the jury on the definition of quid pro quo sexual harassment, because the quid pro quo theory "was neither alleged in her complaint *nor supported by the evidence.*" (Emphasis added.)

In light of those cases and of Robert Cohen's trial testimony in the present case, it is immaterial to the plaintiff's claim that the defendants never explicitly attempted to shift blame to their contractors or employees. The proposed nondelegable duty charge was relevant to the issues in this case, was an accurate statement of the law, and was reasonably supported by the evidence adduced at trial. Accordingly, the trial court should have instructed the jury on the nondelegable duty doctrine.

II

Second, the plaintiff claims that the court's refusal to give her requested jury charge constituted harmful error that requires us to set aside the jury's verdict and remand the case for a new trial. Specifically, the plaintiff states that "the court's failure to charge on nondelegability, coupled with its instruction that the defendants could be relieved of liability if some other cause so powerfully caused the plaintiff's injury that it trivialized the defendants' negligence, resulted in an unjust presentation of the plaintiff's case to the jury." We agree.

We begin by setting forth our standard of review. "[N]ot every improper jury instruction requires a new trial because not every improper instruction is harmful. [W]e have often stated that before a party is entitled to a new trial . . . he or she has the burden of demonstrating that the error was harmful. . . . An instructional impropriety is harmful if it is likely that it affected the verdict." (Internal quotation marks omitted.) *Mahon* v. *B.V. Unitron Mfg., Inc.*, 284 Conn. 645, 656, 935 A.2d 1004 (2007).

"In determining whether an instructional impropriety was harmless, we consider not only the nature of the error, including its natural and probable effect on a party's ability to place his full case before the jury, but the likelihood of actual prejudice as reflected in the individual trial record, taking into account (1) the state of the evidence, (2) the effect of other instructions, (3) the effect of counsel's arguments, and (4) any indications by the jury itself that it was misled." (Internal quotation marks omitted.) *Smith* v. *Greenwich*, supra, 278 Conn. 439.

In reversing this court's prior decision, our Supreme Court stated that, "[o]n the basis of Robert Cohen's testimony that he hired workers for snow removal and sanding, it is possible that the jury could have concluded that the snow removal team, rather than the defendants, acted negligently, and for that reason found that the defendants had *not* acted negligently or had acted less negligently than the plaintiff. The plaintiff argued before the Appellate Court that the jury did not have the benefit of being instructed by the trial court that, under the nondelegable duty doctrine, the defendants were liable for any negligence attributed to the snow removal team. . . . Although the trial court instructed the jury on the duties that the defendants owed to the plaintiff as a tenant-invitee, the invitee instruction itself (the defendant has a duty to maintain and a duty to warn) is distinct from the nondelegable duty instruction (the defendant cannot avoid liability by hiring others to maintain the premises). If the jury found that the snow removal crew had been negligent, that negligence under the nondelegable duty doctrine would have resulted in some allocation of liability to the defendants. The jury's estimation and allocation of negligence are intertwined with the nondelegable duty instruction, and the jury had no untainted route to the verdict." (Citations omitted; emphasis in original; footnote omitted.) *Garcia* v. *Cohen*, supra, 335 Conn. 23–24.

We find instructive our Supreme Court's reasoning on this issue and conclude that the trial court's failure to instruct the jury on the defendants' nondelegable duty to maintain the premises was harmful. The jury's determination that neither *party* was negligent could have related only to the named plaintiff and defendants—no instruction was given that would inform the jury of its ability to attribute any potential negligence of the defendants' employees or contractors to the defendants themselves. The court's instruction to the jury that if "some other cause contributes so powerfully to the production of an injury as to make the defendants' negligent contribution to the injury merely trivial or inconsequential, the defendants' negligence must be rejected as a proximate cause of the injury," coupled with its refusal to instruct the jury on the nondelegable duty doctrine, compels our conclusion that the likelihood of actual prejudice to the plaintiff is significant enough to warrant a new trial in this case.

The judgment is reversed and the case is remanded for a new trial.

In this opinion, PRESCOTT, J., concurred.

* The listing of judges reflects their seniority status on this court as of the date the appeal was submitted on the briefs.

[1] Additionally, in its explanation of proximate cause, the trial court charged: "Therefore, when a defendant's negligence combines together with one or more other causes to produce an injury, such negligence is a proximate cause of the injury if its contribution to the production of the injury, in comparison to all the other causes, is material and substantial—or substan-

tial, I should say. When, however, some other cause contributes so powerfully to the production of an injury as to make the defendants' negligent contribution to the injury merely trivial or inconsequential, the defendants' negligence must be rejected as a proximate cause of the injury, for it has not been a substantial factor in bringing that injury about."